IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WALTER BENJAMIN FELTNER, ) | |
| ) | Civil No. 07-6362-ST |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| BRIAN BELLEQUE, ) | |
| ) | |
| Respondent. ) | |

STEWART, Magistrate Judge.

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the legality of his sentence stemming from his 1988 conviction for Felony Murder. In order to proceed, petitioner must show cause why the petition should not be summarily dismissed. *See* 28 U.S.C. § 2254(b); Rule 4, Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (permitting summary dismissal of petition).

///

1 - ORDER

I.  **Statute of Limitations**.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996.  The Act provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners.  The one-year period runs from the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

Petitions which challenge convictions which became final before AEDPA's effective date of April 24, 1996 are timely only if filed before April 24, 1997.  *Ford v. Hubbard*, 305 F.3d 875, 882 (9th Cir. 2002).  Because petitioner's 1988 conviction became final well before AEDPA's enactment, he should have filed this action no later than April 23, 1997.  Accordingly, it appears that this case is untimely.

2 - ORDER

**II.   Exhaustion and Procedural Default.**

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 519-519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims could have been considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure

to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, petitioner seeks to raise a claim that his sentence for Felony Murder is unconstitutional because a judge, rather than a jury, made factual findings to support an upward departure. It appears that he attempted to raise such a claim in a petition for post-conviction relief in Marion County in July 2006. However, due to the substantial passage of time between the conclusion of his direct appeal in 1992 or 1993, it is unlikely that the Marion County Circuit Court considered his claim on the merits. *See* O.R.S. 138.510(2) (post-conviction petition must be filed within two years from the date the appeal becomes final). Accordingly, it appears that petitioner failed to fairly present his claims to the Oregon state courts.

**III. The Merits**

Finally, it appears that petitioner attempts to present a sentencing error claim based on *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) and *Blakely v. Washington,* 542 U.S. 296 (2004) which generally hold that any sentence beyond the statutory maximum must be alleged in the indictment and proven to a jury beyond a reasonable doubt. *Apprendi* and *Blakely* did not apply retroactively to convictions, such as petitioner's, which became final prior to

4 - ORDER

those decisions. *United States v. Sanchez-Cervantes*, 282 F.3d 664, 671 (9th Cir.), *cert. denied*, 537 U.S. 939 (2002); *United States v. Cruz,* 423 F.3d 1119 (9th Cir. 2005). It therefore appears that even if this case is timely, and if the sentencing claim was first presented to the Oregon state courts in a procedural context in which the merits were considered, the claim he seeks to raise is not cognizable.

## CONCLUSION

For the reasons identified above, should petitioner wish to continue with this case, he must show cause within 30 days why his Petition (docket #2) should not be summarily dismissed.

IT IS SO ORDERED.

DATED this   2nd   day of January, 2008.

            /s/ Janice M. Stewart
               Janice M. Stewart
               United States Magistrate Judge

5 - ORDER